MEMORANDUM **
Marlon Dean Red Star, Jr. (Red Star) appeals his convictions for aggravated sexual abuse in violation of 18 U.S.C. § 2241(a)(1) and sexual abuse of a minor in violation of 18 U.S.C. § 2243(a)(1).
Any error in admitting the victim’s sister-in-law’s testimony about the victim’s out-of-court statements was harmless in light of the other evidence in the case. See United States v. Sherlock, 962 F.2d 1349, 1365 (9th Cir.1989), as amended (referencing the other evidence in the case).
The district court did not abuse its discretion when it granted the jury’s request to replay the audio recording of the summary of Red Star’s interview because the district court followed the precautions set forth in United States v. Richard, 504 F.3d 1109, 1113-14 (9th Cir.2007).
The district court’s sentence is first reviewed for significant procedural error and then for substantive reasonableness. See United States v. Overton, 573 F.3d 679, 699 (9th Cir.2009), as amended. The district court committed no procedural error because it heard argument from both parties, and considered the § 3553(a) factors, sentencing guidelines, and policy statements. See id. Additionally, the district court considered all relevant circumstances before imposing a 188-month sentence for aggravated sexual abuse and a 120-month sentence for sexual abuse of a minor to run concurrently. This sentence was at the low end of the applicable guideline range of 188 to 235 months. Red Star’s sentence was reasonable. See id. at 700-01 (concluding that a high-end sentence was reasonable where the district court “reached an informed conclusion”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.